IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. RDB-08-0401 |
| CHARLES ELLISON WITHERSPOON, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

On September 17, 2009, Defendant Charles Ellison Witherspoon ("Defendant" or "Witherspoon") pled guilty to two counts of a four-count Second Superseding Indictment (ECF No. 47): one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Two) and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three). (ECF No. 163.) On December 22, 2009, this Court sentenced Witherspoon to 96 months of imprisonment as to Count Two and 84 months as to Count Three, for a total term of 180 months. (Judgment & Commitment Order ("J&C"), ECF No. 169.)

Now pending[1] is Witherspoon's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) or, Alternatively, Motion for Reduction in Sentence pursuant to 18

---

[1] Also pending is Witherspoon's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 428), Corrected Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 430), Motion for Consideration for Credit Time and "Nunc Pro Tunc" (ECF No. 435), filed *pro se*; Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 442), Motion to Hold Case in Abeyance pending the resolution of *United States v. Taylor*, No. 19-7616 (4th Cir.) (ECF No. 443); and Witherspoon's *pro se* "Motion Request for Second and Successive 2255 based on Newly Discovered Evidence" (ECF No. 447). In a separate order, this Court GRANTS the Motion to Hold Case in Abeyance pending the resolution of *United States v. Taylor*, No. 19-7616 (4th Cir.) (ECF No. 443), as *Taylor* will likely provide guidance concerning the resolution of Petitioner's Motion to Vacate.

U.S.C. § 4205(g). (ECF No. 444.) The motion has been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Witherspoon's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), or, Alternatively, Motion for Reduction in Sentence pursuant to 18 U.S.C. § 4205(g) is DENIED.

## ANALYSIS

Petitioner is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 4205(g). 18 U.S.C. § 4205(g) formerly permitted the district court to reduce a term of imprisonment to time served upon the motion of the Bureau of Prisons. 18 U.S.C. § 4205(g). On November 1, 1987, 18 U.S.C. § 4205(g) was repealed and only applies to prisoners who committed offenses before that date. *See United States v. Fletcher*, PJM-05-0179, 2014 WL 12824234, at *1 (D. Md. Apr. 14, 2014). Petitioner's offense conduct occurred in 2008, well after the repeal of 18 U.S.C. § 4205(g). Accordingly, Petitioner is not entitled to a sentence reduction based on 18 U.S.C. § 4205(g).

18 U.S.C. § 3582(c)(1)(A)(i) permits the federal courts to modify an imposed sentenced based on "extraordinary and compelling reasons." Prior to the First Step Act of 2018, Pub. L. No. 115-291, 132 Stat. 5194, only the Director of the Bureau of Prisons could move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As modified by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) now permits a defendant to move for compassionate release after fully exhausting administrative remedies "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize

compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

In a supplemental filing (ECF No. 444), Witherspoon represents that he submitted a request for release to the Warden of Federal Correctional Institution Estill, but that he never received a response to his request. (ECF No. 444 at 3.) Thirty days have elapsed since he made this representation in his supplemental filing of April 6, 2020, and the Government has not filed a response disputing Witherspoon's representation. Accordingly, this Court may conclude that Witherspoon has satisfied the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A)(i) and may consider whether Witherspoon has presented extraordinary and compelling reasons justifying a reduction in sentence.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). In a Policy Statement which pre-dates the First Step Act, the Commission determined that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Finally, the Commission included a "catch-all" provision which reserved to the Bureau of Prisons the ability to identify other extraordinary and compelling reasons justifying release. *Id.* § 1B1.13 cmt. n.1(D). By diminishing the Bureau of Prison's authority over compassionate release petitions and

3

expanding the Court's ability to consider them through the First Step Act, Congress has expressed an intent to permit the courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Witherspoon does not seek relief based on grounds enumerated in U.S.S.G. § 1B1.13 cmt. n.1. Instead, he seeks compassionate release so that he may care for his mother, who is 75 years of age and lives in a low-income community. (ECF No. 444 at 2.) Petitioner fears that she is susceptible to COVID-19 due to her medical conditions and may become the victim of criminal activity resulting from the economic and social impact of the pandemic. (ECF No. 444 at 4.) Witherspoon has not presented any other ground to justify his release from prison.[2] Defendant's desire to care for his mother is understandable, but not a sufficient basis for his immediate release. The inability to care for one's parents is the unfortunate result of committing a violent crime and receiving an appropriate sentence.

Accordingly, for the reasons stated herein, it is HEREBY ORDERED this 19th day of May, 2020 that:

1. Petitioner Witherspoon's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), or, Alternatively, Motion for Reduction in Sentence pursuant to 18 U.S.C. § 4205(g) is DENIED; and

---

[2] Witherspoon indicates that he has recently been relocated to United States Penitentiary Lewisburg as a result of tornado damage to Federal Correctional Institution Estill, where he was previously housed. (ECF No. 453 at 2.) To the extent that Witherspoon seeks compassionate release on this basis, relocation to another facility is not grounds for immediate release under 18 U.S.C. § 3582(c).

2. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel and the Defendant.

                                                  \_\_\_/s/_____
                                                  Richard D. Bennett
                                                  United States District Judge