IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES WITHERSPOON,** | * | |
| Petitioner, | * | |
| v. | * | **Civil Action No.: RDB-16-2023**<br>**Criminal No.: RDB-08-0401** |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On May 20, 2009, Charles Witherspoon ("Witherspoon" or "Petitioner") was charged in four counts of a fourteen-count Second Superseding Indictment, including one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Four).  (ECF No. 47.)  On September 17, 2009, Witherspoon pled guilty to Counts Two and Three.  (ECF Nos. 131, 132.)  According to the plea agreement, the § 924(c) charge in Count Three was predicated on attempted Hobbs Act robbery.  (ECF No. 132.)  Ultimately, Witherspoon was sentenced to a total of 180 months of imprisonment: 96 months' imprisonment as to Count Two and 84 months' imprisonment as to Count Three consecutive to Count Two.  (ECF No. 169.)

Now pending before this Court are Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 430) and Motions to Supplement (ECF Nos. 442, 470).  Witherspoon seeks vacatur of his 18 U.S.C. § 924(c) conviction.  Pursuant to 18 U.S.C. § 924(c), an additional

term of incarceration may be imposed upon "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The "crime of violence" underlying Witherspoon's § 924(c) charge was attempted Hobbes Act robbery. (ECF No. 169.) This offense no longer qualifies as a crime of violence in light of the recent opinion of the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019) and the recent opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). In the *Taylor* case, the Fourth Circuit clearly held that attempted Hobbs Act robbery is no longer a "crime of violence" under 18 U.S.C. 924(c). The Government acknowledges the Fourth Circuit's ruling in *Taylor* but does not concede that the case was decided correctly. (ECF No. 475 at 7.)[1]

Accordingly, consistent with the briefing of both the Government and the Defendant, Petitioner Witherspoon is entitled to a resentencing in the criminal case, *United States v. Witherspoon*, Criminal No. RDB-08-0401. Therefore, **the Motion to Vacate (ECF No. 430) and Motions to Supplement (ECF No. 442, 470) are GRANTED and the civil case, *Witherspoon v. United States*, Civil No. RDB-16-2023, shall be CLOSED.** Re-Sentencing shall be scheduled by agreement of counsel at a date to be determined.

IT IS HEREBY SO ORDERED THIS 16TH DAY OF FEBRUARY 2021.

/s/
Richard D. Bennett
United States District Judge

---

[1] The Government has suggested that this Court deny this Petition despite the Fourth Circuit's clear ruling in *Taylor* based upon opinions of other United States Courts of Appeals in other Circuits. There is no basis for this Court to so rule.